IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY B. HARRIS,

                    Petitioner,

v.                                                                        1:05-cv-2942-WSD

WARDEN RON WILEY,

                    Respondent.

## ORDER

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Hagy on December 22, 2005 [2] and Petitioner's Objections to the Report and Recommendation [4]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Petitioner has objected. The Court has reviewed the remainder of the Report and Recommendation for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).[1]

---

[1] On January 10, 2006, Petitioner moved for an extension of time in which to file his objections to the Report and Recommendation [3]. For good cause shown, Petitioner's Motion for Extension of Time is GRANTED *NUNC PRO TUNC*.

The Magistrate Judge reviewed the instant petition for habeas corpus relief pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (R&R at 1-2.) The Magistrate Judge concluded that, under 28 U.S.C. § 2244(d)(1), Petitioner's challenge to his October 24, 1991 state-court conviction was required to be filed on or before April 23, 1997. (Id. at 3-5.) Because Petitioner did not sign the instant petition until November 9, 2005, and because the Magistrate Judge concluded that Petitioner failed to allege facts which would warrant equitable tolling of the statute of limitation or the application of the actual-innocence exception, he recommended that the Court dismiss the petition as untimely. (Id. at 5-6.)

Petitioner asserts two objections to the Report and Recommendation: (1) that the Magistrate Judge's conclusion regarding timeliness of the petition is incorrect under Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571 (2005); and (2) that the Magistrate Judge erred in failing to address the merits of his petition, i.e., the claim that his October 24, 1991 state-court conviction should be vacated based on ineffective assistance of counsel in that proceeding. (Pet'r's Objections to R&R at 1-4.) These objections are without merit. In Johnson v.

United States, the Supreme Court concluded that vacatur of a prior state-court conviction used to enhance a federal sentence can restart the one-year limitations period prescribed by Section 2255 for challenging the federal sentence.  125 S.Ct. at 1577.  Johnson does not apply here, since Petitioner seeks to challenge the underlying state-court conviction, not the federal sentence which was enhanced on the basis of this conviction, and has not alleged the vacatur of a prior state-court conviction.  In addition, because the Magistrate Judge correctly determined that the instant petition was untimely, and that Petitioner failed to allege circumstances warranting the application of equitable tolling or the actual-innocence exception, he did not err in failing to address the merits of the petition itself.   Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time [3] is **GRANTED** *NUNC PRO TUNC*.

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation.  The instant petition for habeas corpus relief is **DISMISSED**.   The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 31st day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE